UNITED STATES ex rel. SPINOSA v. CURRAN, Commissioner of Immigration at the Port of New York.

(District Court, E. D. New York. August 31, 1923.)

Aliens ⚖=51½, New, vol. 16A Key-No. Series—Statement stamped on alien's passport by American vice consul held mere statement of alien's claim that he belonged to non quota class, validity of which was to be determined on arrival.

Words, "Exception to quota, returning to domicile in the United States," stamped on alien's passport by American vice consul in Italy, *held* mere statement, showing class to which alien claimed to belong, validity of which was to be determined on his arrival.

Affirmed in 4 F.(2d) 614.

Anthony Romano, of New York City, for relator.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Oliver E. Mosser, of Brooklyn, N. Y., of counsel), for respondent.

INCH, District Judge. This is a writ of habeas corpus, sued on behalf of relator, who has been excluded from entry into the United States solely because he is alleged to have arrived in excess of quota. The grounds on which are based the claim of right to admission to this country are twofold:

First. Relator claims that he never intended to relinquish his domicile here, although away for nine years and married abroad, where his wife and family still are. As to this claim the facts do not present a sufficiently strong case to overcome the contrary presumption plainly arising from the above and other facts relating to his conduct.

This brings us to the second ground, which is in substance that relator had already been adjudged exempt from the quota by a vice consul in Naples before leaving Italy for this country, and that therefore the authorities here could not decide to the contrary on relator's arrival. It appears that, on re-presenting his passport to the vice consul at Naples, the relator stated certain facts and showed certain documents to him, and that thereupon the vice consul stamped and signed this entry, which appears in the passport:

"Exception to quota, returning to domicile in the United States."

Relator in his contention refers to sections 3170–3212 of U. S. Compiled Statutes, and certain other sections and the treaty with Italy, contending that, as the vice consul is a branch of the State Department, his decision was in effect the decision of that department, and is therefore an adjudication, as well as being a step in the direction toward regulating the quota at the starting point of the alien rather than at the destination.

However unfortunate, or as relator claims misleading, the making of such a statement by the vice consul may have been, it should not be overlooked that the regulations also require relator to sign a paper showing clearly to him that he must take his chances with the quota upon arrival, and it seems to me that this statement was not in any sense a decision of any question, or intended to be, even if there had been proof that such vice consul had power to make a decision. The proof offered fails to show any such power.

The statement was simply an indication by the vice consul as to the class to which relator claimed he belonged, for use of the authorities here. In other words, it was a statement of claim by relator, the validity of which remained to be determined upon his arrival.

The writ is dismissed.