**UNITED STATES ex rel. BASILE v. CURRAN, Commissioner.**

**UNITED STATES ex rel. KOZAK v. SAME.**

(District Court, S. D. New York. April 25, 1924.)

1. **Evidence** ☞383(4)—**Police certificate showing residence in Argentine prima facie reliable evidence.**

   A certificate of police in Buenos Ayres showing that alien had been in Argentine for five years was prima facie reliable evidence, which should not be disregarded, in absence of discrediting evidence.

2. **Aliens** ☞54—**Disregarding explanation for failure to produce certificate showing Argentine residence held denial of fair hearing.**

   Where alien offered his affidavit taken before the American consul that he had presented to said consul certificate of police in Buenos Ayres showing that he had been in Argentine for five years and consul had retained it, action of board of special inquiry in disregarding explanation for failure to produce *held* a denial of a fair hearing, in absence of discrediting evidence.

3. **Aliens** ☞54—**District Court may fix quality of aliens' custody.**

   Where District Court detains aliens only to give respondent opportunity to disprove a story on its face sufficient, it has power to fix the quality of custody.

Habeas Corpus. Separate proceedings by the United States, on the relation of Dominico Basile, and on the relation of Enoch Kozak, against Henry H. Curran, Commissioner. Writ sustained, reference allowed, and respondents admitted to bail.

Nicholas Selvaggi, of New York City, for relator Basile.
Buchler & Richman, of New York City, for relator Kozak.
James C. Thomas, Jr., of New York City, for respondent.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LEARNED HAND, District Judge.   These two cases present nearly the same situation though Basile's is a little the weaker.   The exclusion is in each case under the Quota Law, and the alien bases his right to enter upon five years' continuous residence in the Argentine. There is nothing in the story of each to excite suspicion, except that Basile at first swore that he had run away to Barcelona and gone thence to Chile, from where he eventually went to the Argentine.   Later, without so far as I can see any detection in this fabricated story, he said that he had gone direct to the Argentine as a stowaway.   No doubt this in some measure discredited his general testimony, but it scarcely in itself constitutes evidence which justifies disregarding the documentary evidence upon which each alien relied.

[1, 2]  This evidence consisted of an affidavit taken in Buenos Ayres, where the alien in each case was living, which recited that he had presented to the American consul a certificate of the police in Buenos Ayres showing that he had been in the Argentine for a period of five years.   This certificate the alien did not produce, giving as an excuse that the consul had retained it.   Now, I agree that such a police certificate was by no means conclusive evidence of the facts stated therein, but it ought to have been examined before it was totally disregarded.   Prima facie it was disinterested and reliable evidence, which, if true, conclusively proved the alien's case.   Its credibility could not be assailed on rational grounds, without some evidence to discredit it.

The alien's explanation of his failure to produce the document was adequate, unless it was disbelieved, and there was no reason to disbelieve it; at least, none was suggested.   Thus to exclude him without any evidence justifying its rejection was to deny him a fair hearing.   I may even assume that the alien has the burden of proof in such cases, and the result is the same.   It is not enough for the board of special inquiry to say that they do not believe that the certificate was retained by the consul, in the face of his jurat, or that it was false, when they had not seen it.   They have no power to dispense with the usual means of ascertaining the truth.   They are as much bound to proceed rationally as I am, and it is not rational procedure to disregard evidence inherently probative for no assignable reasons.

Hence I held that these aliens were denied a fair hearing, because it lay within the power of the authorities, and probably of them alone, to produce the missing certificates on which the aliens' cases hung. The question whether they are entitled to admission is quite another matter.   It will be referred to William Parkin, Esq., as master to hear and report.   The respondent will, of course, be allowed time to produce the certificates from the American consul in Buenos Ayres; but, if he does not, the master will treat the aliens' secondary evidence of them as adequate.

[3]  Meanwhile the aliens will be released on bail.   This is not a case where the writ has been dismissed, and where in consequence the alien is remanded.   On the contrary, the writs are sustained, and the aliens discharged from further restraint by the respondent, because the orders of exclusion were unlawful, and do not authorize him to detain them further.   I detain them only to give the respondent op-

portunity to disprove a story on its face sufficient. If that story should be in the end disproved, it is true that they would be returned to the respondent's custody, but only because that is the only means by which the District Court could prevent their entry, if they have no right to be here. So far as any statutory right goes, the respondent's custody is at an end. The recent ruling of the Circuit Court of Appeals does not, therefore, apply here, and the District Court has power to fix the quality of its own custody as justice may require. The bail is fixed in each case in the sum of $1,000, unless the respondent wishes to move for an increase.

Writ sustained; reference ordered; aliens admitted to bail.