UNITED STATES ex rel. RIZZO v. CURRAN, Commissioner of Immigration.

(District Court, S. D. New York. November 20, 1925.)

1. Aliens ⚯⇒46.
Status of alien as nonimmigrant depends on whether he came into this country as a temporary visitor or not.

2. Aliens ⚯⇒46—That alien seeking temporary admission hopes to qualify and be permitted to remain as a student does not warrant exclusion (Immigration Act 1924, §§ 3 [2], 4 [e], being Comp. St. Supp. 1925, §§ 4289¾aa, 4289¾b).
Under Immigration Act 1924, §§ 3 (2), 4 (e), being Comp. St. Supp. 1925, §§ 4289¾aa, 4289¾b, fact that alien seeking admission as temporary visitor hopes to learn English during his temporary stay and be permitted to remain as a student does not defeat his status as a temporary visitor, or justify his exclusion.

Habeas Corpus. Proceeding by the United States, on the relation of Domenico Rizzo, against Henry H. Curran, Commissioner of Immigration at the Port of New York, or the master of the steamship Martha Washington. Writ sustained, and relator ordered discharged on giving bond.

John M. Lyons, of New York City, for relator.

Emory R. Buckner, U. S. Atty., of New York City (James C. Thomas, of New York City, of counsel), for respondent.

THACHER, District Judge. The relator, a native and subject of Italy, having applied for admission to the United States as a temporary visitor under section 3 (2) of the Immigration Act of 1924 (Comp. St. Supp. 1925, § 4289¾aa), has been excluded and ordered deported on the ground that he is not entitled to the status of nonimmigrant under the provisions of said section, and is therefore subject to deportation, because not in possession of an immigration visa.

Upon arrival, the alien presented an Italian passport and passport visa issued by the American consul at Palermo, under section 3 (2) of the Immigration Act of 1924. This section provides:

"When used in this act the term 'immigrant' means any alien departing from any place outside the United States destined for the United States, except * * *

"(2) An alien visiting the United States temporarily as a tourist or temporarily for business or pleasure."

The alien testified that while in Italy he was studying engineering; that he did not complete his studies there, because he had a brother in the United States, who sent for his father and mother to live in this country, and he thought he would come here to finish his studies. He obtained through his brother a certificate from Stevens Institute of Technology, Castle Point, Hoboken, N. J., dated July 23, 1925, reading as follows: -

"This is to certify that Mr. Rizzo Domonico de Guiseppe, Sicily, Italy, has been admitted to the freshman class of Stevens Institute of Technology. In support of his application for admission he has filed with the undersigned a certified copy of his record at the University of Palermo, Sicily, for the three years, 1922 to 1925. His admission is conditioned upon his being able to successfully carry the work in English."

Armed with this certificate, the alien made application to the United States consul at Palermo, Italy, for permission to come to the United States and pursue his studies in Stevens Institute. The American consul, however, declined to issue a visa as a student under section 4 (e) of the Immigration Act of 1924 (Comp. St. Supp. 1925, § 4289¾b), but granted him a nonimmigrant visa as a temporary visitor under section 3 (2), on the ground that he was not qualified to enter Stevens Institute because of his inability to understand the English language. The American consul advised the alien that he had no authority to allow the alien to remain permanently in the United States, but that the alien could come here to study, and after learning English obtain permission to remain longer, or as the alien expressed it in his testimony, "fix it with the authorities here."

It further appears from the alien's testimony that his brother had written him that he was advised by the director of Stevens Institute that after four months' study in English he would be admitted to the school. He testified that, when examined by an inspector of immigration on board the ship, he was asked if he wanted to remain in the United States, and answered, "If they will allow me, I will remain," and in his subsequent testimony before the board of special inquiry stated that he expected to remain until he graduated from the University.

His brother, an American citizen by birth, testified that he was earning $45 a week as a barber, and produced bank books showing deposits of something over $2,900, and further testified that he had sent for his brother because he wished to send him to Stevens Institute to take a course in electrical engineering. On this testimony the alien was unanimously excluded by the board of special inquiry as not being a bona fide visitor, because he had not established his nonimmigrant status under section 3 (2) of the Immigration Act of 1924. On appeal that decision was affirmed by the Second Assistant Secretary of Labor.

[1, 2] The status of the alien as a nonimmigrant depends on whether he came to this country as a temporary visitor or not. The testimony, when rationally considered, amounts simply to this: That the alien, having hoped to come here as a student and being denied a visa for this purpose, accepted a visa as a temporary visitor, hoping to be allowed to remain as a student upon being qualified for admission to Stevens Institute. He came to this country with no intention to violate our laws, and fully understanding that he could be admitted only as a temporary visitor. He accepted the statement of the American consul to this effect, and came with a visa thus describing him. Its presentation was a claim for admission solely for the purpose of a temporary visit, and his testimony shows that he is now claiming the right to enter solely upon that ground. His hope, whether well or ill founded, that he may ultimately be permitted to remain as a student, cannot take away his present status as a temporary visitor, if he honestly seeks admission on that ground.

This is not a case in which honesty of purpose can be questioned. Not a single circumstance was disclosed which raises doubt or suspicion as to the good faith of the relator. The case was not one in which the testimony of the relator and his witnesses could be rejected as improbable, because of the surrounding circumstances, as in the case of U. S. ex rel. Alexandrovich v. Commissioner of Immigration, 13 F.(2d) 943. On the contrary, his testimony could not be disbelieved, because there was no reason to disbelieve it. U. S. ex rel. Domenico Basile v. Commissioner of Immigration (D. C.) 298 F. 951; U. S. ex rel. Enoch Kozak v. Commissioner of Immigration (D. C.) 298 F. 951. His exclusion was unjustified as a matter of law, because the statute gives him a present right to enter as a temporary visitor, and does not authorize the immigration authorities to exclude temporary visitors simply because they intend

to learn our language and qualify themselves for admission to our colleges and universities. Whether this alien should be ultimately permitted to remain and pursue his studies in Stevens Institute is a question which does not arise at this time. It is sufficient that he is now entitled to enter as a temporary visitor. The case cannot in principle be distinguished from the decision of the Circuit Court of Appeals in this circuit in Chryssikos v. Commissioner of Immigration (C. C. A.) 3 F.(2d) 372.

Following the practice indicated in that decision, the writ will be sustained, and the relator discharged, on giving a bond of $500 under General Order No. 30, June 6, 1924, Regulations to Govern Enforcement of Immigration Act of 1924.