**UNITED STATES ex rel. SOGOLOW et ux. v. KARNUTH, District Director of Immigration.**

District Court, W. D. New York. August 25, 1928.

Botsford, Mitchell, Albro & Weber, of Buffalo, N. Y., for relators.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Richard A. Grimm, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for respondent.

HAZEL, District Judge. Relators, husband and wife, subjects of Russia, were denied admission to the United States by the Special Board of Inquiry on the ground that they were not possessed of an unexpired consular visa. The examination had before the board, attached to the return to the writ, shows that relators and their son were admitted to the United States on June 26, 1926, as visitors for a period of six months, and that by subsequent applications their temporary stay was extended until July 10, 1928. Prior thereto, on June 29, they departed from this country and went to Niagara Falls, Ontario, where, on July 13th, they crossed Niagara river and endeavored to re-enter the United States, claiming to be entitled to entry temporarily for business, under section 3 of the Immigration Act (8 USCA § 203). They had previously made application for certificates to enter under the quota provision of the Immigration Act (8 USCA § 211), and it is said that the certificates, in all probability, would become effective in a few months. Their application to enter was for a period of six months, under bond. Their counsel urges that the real question involved is whether relator Mr. Sogolow, accompanied by his wife, is barred from entering as a temporary visitor to attend to business in New York City. The business, the relator claims, was established in New York City on his first temporary entry, consisting of the ownership of bonds in a corporation in New York by which he was employed, earning $50 per week for his services. It also appears that the last extension of their temporary stay was granted by the Commissioner of Immigration, with the understanding that no further extension would be requested. He was excluded from entry on the ground that the sole reason for seeking admission was to reside here permanently. He was advised that he had a right to appeal to the Secretary of Labor for review, which he has refused to do—instead applying to this court for a writ.

 The fact that he has applied for a certificate under the quota requirement would not be sufficient reason for barring his entry as a temporary visitor for business or pleasure; but, since there was evidence before the board indicating his intention to remain permanently in the United States, his present application to all appearances being merely to tide over until his entry was permitted under the quota, I do not think that its action was arbitrary or unfair. It is not within the province of

this court to examine the merits and set aside the finding because of any undue inference that may have been drawn. Indeed, considering the prior extensions, their residence in New York, not far from their daughter, together with their quota application and employment in connection with a corporation in which their son-in-law is interested, in my opinion warrants the finding of intention to remain. Chryssikos v. Comm'r, etc. (C. C. A.) 3 F.(2d) 372; U. S. ex rel. Porter v. Yale (D. C.) 14 F.(2d) 682; U. S. ex rel. Tamara Johanson v. Phelps (D. C.) 14 F.(2d) 679; U. S. ex rel. Alexandrovitch v. Commissioner (D. C.) 13 F.(2d) 943; the latter holding that, where circumstantial evidence shows that applicant as temporary visitor intended to remain, the finding is not reviewable by the courts.

The writ must be dismissed.