**UNITED STATES ex rel. CHONG MON v. DAY, Commissioner of Immigration.**

District Court, S. D. New York. November 19, 1929.

John M. Lyons, of New York City, for relator.

The United States Attorney, by G. B. Schoonmaker, of New York City, for respondent.

WOOLSEY, District Judge. This writ is sustained, and the relator will be discharged on his filing bond in the sum of $500, conditioned that he will depart from the United States as a seaman on a foreign bound vessel within 30 days from the date of his release. ▉ There is not any question but that the Chinese relator is a seaman, who arrived here from Tampico on the American steamship Clement Smith on August 30, 1928, at Philadelphia, where he was paid off, and where he reshipped on the same vessel. The Clement Smith then proceeded to Beaumont, Tex., where the relator was arrested on September 11, 1928, charged with violation of the Harrison Narcotic Act (26 USCA §§ 211, 691–707). Of this charge he was acquitted on November 23, 1928.

Meantime, and before the relator's 60-day period ashore—allowed under Immigration Rules of March 1, 1927, rule 6, subd. 1, par. 2—had expired, a warrant of arrest, dated September 25, 1928, was issued against him by the District Director of the Immigration Service at Galveston.

On his acquittal from the narcotic charge on November 23, 1928, he was at once seized under the immigration service warrant, and has since been in custody, being thus forced to "remain within the United States" against his will much longer than the 60-day period under the rule above referred to. Such an enforced extension of the 60-day period cannot properly be considered as a violation of the rule above mentioned.

▉▉ There is not any proof in the record that the relator has entered "the coastwise trade of the United States" or has engaged "in any other calling or occupation for hire or profit"—which are the two other conditions of forfeiture of his nonimmigrant status as a foreign seaman mentioned in rule 6, subd. 1, par. 2 of the rules above referred to —because: First: It was not shown that the steamship Clement Smith was in the coastwise trade. She may have called at Beaumont for cargo or fuel on a voyage from Philadelphia to some foreign port. Going coastwise is not necessarily being in the coastwise trade, otherwise foreign vessels could not go, for example, from New York to Norfolk en route to foreign ports, as they commonly do. And second: On the question of his importing narcotics he was acquitted, and thus it has not been shown that he had abandoned his calling as a seaman to become a drug smuggler.

▉ The relator's own evidence contains contradictions as to whether he is an alien, born in Hong Kong, or whether he was born in Hawaii, as is stated in the certificate of discharge granted him at Philadelphia on August 30, 1928. For that reason I think it is the proper procedure to exact a bond on the allowance of this writ, as is required in my decision at the beginning of this memorandum. Cf. Chryssikos v. Commissioner of Immigration, 3 F.(2d) 372, 375 (C. C. A. 2nd Cir.); United States ex rel. Rizzo v. Curran (D. C.) 13 F.(2d) 233, 235.