**UNITED STATES ex rel. DI ROSA v. DAY, Commissioner of Immigration.**

Circuit Court of Appeals, Second Circuit.
January 20, 1930.

No. 233.

Charles H. Tuttle, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Gaspare M. Cusumano, of New York City, for appellee.

Before MANTON, L. HAND, and MACK, Circuit Judges.

MANTON, Circuit Judge. The appellee is a native and subject of Italy, and arrived in New York on May 5, 1929. He possessed an Italian passport, issued June 2, 1928, to which was attached a passport and visa dated April 19, 1929. This visa was granted under section 2 of the Immigration Act of 1924 (8 USCA § 202), and was issued to appellee as a temporary visitor to the United States. Section 3 of subdivision 2 of the Act of May 26, 1924 (USCA title 8, § 203), provides that "when used in this act the term 'immigrant' means any alien departing from any place outside the United States destined for the United States, except * * * (2) an alien visiting the United States temporarily as a tourist or temporarily for business or pleasure."

Appellee claimed the right of admission under this section. He was held for examination, when the examining officer had doubt as to his claims and status as a nonimmigrant under subdivision 2 of section 3, pursuant to

rule 3 of the Immigration Rules of March 1, 1927, and the Board of Special Inquiry granted him a hearing, at the conclusion of which it was unanimously voted to exclude the appellee from admission, on the ground that he was a quota immigrant not in possession of any immigration visa. He appealed to the Secretary of Labor, and the decision was affirmed. He thereupon sued out this writ of habeas corpus, which was sustained by the court below.

Rule 3 of the Immigration Rules, promulgated by the Department of Labor, places authority to temporarily admit an alien with the Board of Special Inquiry, as provided in section 3, subd. 2, of the Immigration Act of May 26, 1924 (8 USCA § 203), if their doubt as to his status is removed, and also provides that the board may, in its discretion, as a condition, exact a bond in the sum of $500, conditioned that the alien shall maintain his status as a nonimmigrant during his temporary stay in the United States, and shall voluntarily depart therefrom at the expiration of the time fixed.

The board found this appellee to be a quota immigrant, and, if there be evidence supporting that finding, this court will not review the evidence or reverse the finding, because it may be against the weight of evidence. Tulsidas v. Insular Collector, 262 U. S. 258, 43 S. Ct. 586, 67 L. Ed. 969; United States v. Curran (C. C. A.) 4 F.(2d) 356; United States v. Tod (C. C. A.) 296 F. 345. The board found, on the evidence, that the appellee is married; that when he arrived this time as a visitor he had $4. He was destined to go to his brother in Brooklyn, New York, and was coming with an alleged intention of remaining six months. He had previously come to this country, on August 1, 1926, and remained until January 3, 1928, during which time he worked for his brother, who was engaged in the marble business, as a salesman at a salary of $30 a week. His duties were selling marble and doing other work for a domestic corporation, of which his brother was the principal stockholder. He said that he was abroad on business for the company, and wished to report to his brother as to the business in Italy, and ex-

pected to continue his employment. He did not have a return passage; intended to resume the same kind of work, if readmitted temporarily. These facts warrant the conclusion of the board that the appellee did not come as a visitor, but is in fact an immigrant. He was not in possession of an immigrant visa, and it appears that he came here with a previous arrangement for employment. The board was justified in concluding that he intended to remain in this country for an indefinite length of time, if he could succeed in obtaining extensions of his stay. He was not a temporary visitor, nor was he here on business, as the statute intends. Karnuth v. United States, 279 U. S. 231, 49 S. Ct. 274, 73 L. Ed. 677.

If he presented himself for a further extension of his stay at the end of the temporary stay of six months, the board under these circumstances would be justified in declining a further extension. That being so, they have the same justification in refusing him admission in the first instance, as on that application. In Chryssikos v. Commissioner (C. C. A.) 3 F.(2d) 372, 373; General Order No. 30 of the Immigration Rules was considered, and it was held that the relator there was entitled to be admitted for a temporary stay of six months, and that, if the officer in charge of the board was not satisfied that the alien was visiting the United States temporarily as an artist or for pleasure, he might execute a bond of $500, conditioned that she depart within six months, "she being possessed of the 'document' mentioned in General Order No. 30." Now, under rule 3 of the Immigration Rules referred to, the Board of Special Inquiry may admit the alien, and may, as a condition precedent to such temporary admission, exact a bond; whereas, under rule 30, the officer in charge of the board, if not satisfied that the alien is coming for the purpose stated, has the right to require a bond of $500. The board here was not satisfied, and, since there is some evidence to support its conclusion, its finding should not be disturbed by the court. United States ex rel. Sogolow v. Karnuth (D. C.) 28 F.(2d) 281.

Order reversed.