Dvorak v. Garland

BIA
Farber, IJ
A209 029 897/898

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of November, two thousand twenty-one.

PRESENT:
JON O. NEWMAN,
RICHARD C. WESLEY,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

NIKOLAJ DVORAK, NATALIE DVORAKOVA,
*Petitioners*,

v.                                                          **19-4130**
                                                            **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONERS:              Theodore N. Cox, New York, NY.

FOR RESPONDENT:               Jeffrey Bossert Clark, Acting Assistant Attorney General; Jessica A. Dawgert, Senior Litigation Counsel; Richard Kelley, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Nikolaj Dvorak and Natalie Dvorakova, natives of Russia and citizens of the Czech Republic, seek review of a November 15, 2019, decision of the BIA affirming a May 16, 2019, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nikolaj Dvorak, Natalie Dvorakova*, Nos. A209 029 897/898 (B.I.A. Nov. 15, 2019), *aff'g* Nos. A209 029 897/898 (Immig. Ct. N.Y. City May 16, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Asylum and Withholding of Removal

To establish eligibility for asylum and withholding of removal, an applicant must establish past persecution or a well-founded fear or likelihood of persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1)(i), (2). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted). For economic harm to constitute persecution, "an asylum applicant must offer some proof that he suffered a deliberate imposition of substantial economic disadvantage." *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (internal quotation marks omitted); *see also In re T-Z-*, 24 I. & N. Dec. 163, 170–73 (B.I.A. 2007).

The agency did not err in finding that, even assuming Petitioners' proposed social groups were cognizable, Petitioners failed to establish that they suffered economic persecution as a result. The record establishes that Petitioners themselves instituted bankruptcy proceedings, were found to be creditors, were permitted to remain in their company's residence during the bankruptcy proceedings, and

3

were able to support themselves with alternate employment. Accordingly, Petitioners did not establish that they "suffered a deliberate imposition of substantial economic disadvantage" as required to establish economic persecution. *Guan Shan Liao*, 293 F.3d at 70 (internal quotation marks omitted).

The agency also did not err in concluding that Petitioners failed to establish past persecution or a well-founded fear of future persecution based on Nikolaj's conviction for theft of assets from their bankrupt company. "Punishment for violation of a generally applicable criminal law is not persecution." *Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992). Although "prosecution that is pretext for political persecution is not on account of law enforcement," *Jin Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010), Petitioners did not show pretext. In determining whether prosecution is a pretext for persecution, the agency looks to, among other factors, conformity to criminal procedures, indications that abuse was directed toward modifying an opinion rather than conduct, and treatment of other members of the population under similar circumstances. *See Vumi v. Gonzales*, 502 F.3d 150, 157–58 (2d Cir. 2007). The record reveals that Czech police followed criminal

4

procedures in pursuing charges against Nikolaj. Natalie, who represented the creditors in the bankruptcy proceeding, filed complaints about the bankruptcy trustee, and tried to circumvent the trustee's authority, was not prosecuted. And the country conditions evidence reflects that the government of the Czech Republic does not arbitrarily arrest people, that the judiciary is independent, and that criminal trials are fair and public.

Petitioners' failure to demonstrate past persecution or a well-founded fear of persecution was dispositive of asylum and withholding of removal. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010). Accordingly, we do not reach the other grounds. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

CAT Relief

To obtain CAT relief, an applicant must show that it is "more likely than not" that he would be tortured. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a). In evaluating a CAT claim, the agency considers evidence of past torture and evidence of human rights violations in the country of removal among any other relevant information. *Id.* § 1208.16(c)(3).

Petitioners did not present any evidence of past torture and their fear that Nikolaj would be tortured in prison is speculative given that his prison sentence was suspended and the country conditions evidence states that there were no reports of torture in the Czech Republic. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best").  Accordingly, the agency did not err in concluding that Petitioners failed to satisfy their burden of proof for CAT relief.  *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6